UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PROGRESSIVE AMERICAN
INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                            Case No: 5:24-cv-596-JSM-PRL

**GEORGE JAGER, RANDY
CHRISTMAN, RANDAL DEFORGE,
and BLUE RAY TRANSPORT, LLC,**

    **Defendants.**

_____

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Appoint Process Server. (Doc. 36). In its motion, Plaintiff requests that the Court appoint SLK Investigations, Inc. ("SLK") and its agents, who are over the age of 18 and not parties to this action, as process servers to effectuate service of process on Defendant Randal Deforge in Clay County, Florida. (*Id*. at p. 1; *see* Doc. 34 at p. 4). Simultaneously with the filing of its motion, Plaintiff filed a Response to Defendants' Request for Admissions (Doc. 32) and a Response to Defendants' First Request for Production of Documents (Doc. 33). For the reasons explained below, Plaintiff's motion is due to be denied without prejudice, and Plaintiff's responses to Defendants' discovery will be stricken.

I. **BACKGROUND**

On November 5, 2024, Plaintiff filed a Complaint for Declaratory Judgment, seeking a judicial declaration from the Court as to Plaintiff's coverage obligations—specifically, its duty to defend and/or indemnify its insureds with respect to an underlying personal injury lawsuit styled *Randy Christman v. George Jager, Randal DeForge, Blue Ray Transport, and Geico General Ins. Co.*, Case No. 23-CA-001917, filed in the Fifth Judicial Circuit, in and for Marion County, Florida. (Doc. 1).

On July 24, 2025, the Court issued two Orders to Show Cause, ordering Plaintiff to show cause (1) why this action should not be dismissed for lack of service as to Defendants Randy Christman and Randal Deforge ("Deforge") pursuant to Federal Rule of Civil Procedure 4 (Doc. 25); and (2) why this action should not be dismissed for failure to file a Case Management Report pursuant to Local Rule 3.02 (Doc. 26). In one of its responses to the Court's Orders to Show Cause, Plaintiff details its attempted efforts to serve Deforge, stating that it had "previously retained a process server who hand-deliver[ed] the Amended Complaint and left it at the door of Mr. Deforge's residence in Middleberg, Florida." (Doc. 34 at p. 4) (citing the Affidavit of Delivery in Doc. 28); (*see* Doc. 28). Due to difficulties in serving Deforge, Plaintiff explains that its "counsel has sent the Amended Complaint to the Sheriff's Office in Clay County, Florida for service on Mr. Deforge." (Doc. 34 at p. 4). Nevertheless, "[i]n an effort to effectuate service faster," Plaintiff indicates that it "has also retained SLK Investigations to serve Mr. Deforge." (*Id.*). However, "SLK has advised Plaintiff's counsel that an Order Appointing Process Server is required in Clay County[,] permitting a special process server (other than the Sheriff) to serve court pleadings." (*Id.*).

As a result, Plaintiff now moves for the Court to appoint SLK and its agents as process servers to "double-up on [its] efforts to serve" Deforge in Clay County, Florida. (Doc. 36; *see* Doc. 34 at p. 4). Plaintiff notes that SLK and its agents are over the age of 18 and not parties to this action. (Doc. 36 at p. 1).

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." *See* Fed. R. Civ. P. 4(c)(3). Whether to appoint a process server on motion by a party is a matter of "discretion" by the court, unless the plaintiff is proceeding in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916. *See* Fed. R. Civ. P. 4(c), Notes of Advisory Committee on Rules—1993 Amendment; Fed. R. Civ. P. 4(c)(3).

Although the Federal Rules of Civil Procedure normally make appointment of a special process server unnecessary because Rule 4(c)(2) provides that service may be made by "[a]ny person who is at least 18 years old and [is] not a party," a court appointment may be appropriate where the plaintiff is "unable to resort to private service or other reasonable methods of effecting service privately have been exhausted." *See Gaskin v. Hammer Scotts, Inc.*, No. 8:19-CV-647-T-17JSS, 2019 WL 13262721, at *1 (M.D. Fla. Mar. 27, 2019) (citations omitted); *see also* Fed. R. Civ. P. 4(c)(2). As the Federal Rules of Civil Procedure have expanded the persons who may serve process, "a court appointment will be necessary only when the process server needs to be invested with the authority that accompanies a court order." *See Gaskin*, 2019 WL 13262721, at *1 (citation omitted). Thus, any motion for

appointment of a special process server should describe the reasons why that authority is necessary to effectuate service of process. *See id.* (citation omitted).

### III. DISCUSSION

Here, other than noting that SLK and its agents are over the age of 18 and not parties to this action, Plaintiff has not provided a sufficient explanation in its motion for why special appointment of a designated process server is necessary in this case, nor has Plaintiff included any legal authority in support of its motion. *See GMAC Real Estate, LLC v. Waterfront Realty Grp., Inc.*, No. 2:09-cv-546-FTM-36SPC, 2010 WL 2465170, at *2 (M.D. Fla. June 15, 2010) (denying motion to appoint special process server where plaintiff "provided no factual basis for why a court order [wa]s necessary to accomplish service process and d[id] not include any legal authority in support of its [m]otion other than Rule 4(c)(3)"); *Gaskin*, 2019 WL 13262721, at *1-2 (denying without prejudice motion for appointment of process server because plaintiff did not demonstrate why special appointment of a designated process server was necessary in the case). While Plaintiff is free to hire SLK and its agents to serve Deforge if it so chooses, the Court does not believe that a court order is necessary to appoint a special process server, such as SLK and its agents, to effectuate service on Deforge. For these reasons, Plaintiff's motion is denied without prejudice. If Plaintiff, however, feels that court authority is needed, it must describe with specificity the reasons supporting its motion.

As a final matter, Plaintiffs filed their Response to Defendants' Request for Admissions (Doc. 32) and their Response to Defendants' First Request for Production of Documents (Doc. 33) on August 7, 2025. Discovery materials, including "responses to requests for production . . . [and] responses to requests for admissions shall not be filed with the Court as a matter of course. . . . [unless] if ordered by the Court, if necessary to the

presentation or defense of a motion, or if required by law or rule." *See* Middle District Discovery (2021) at Section I.C.1 (explaining the general rule governing the filing of discovery materials in the Middle District of Florida); *see also* Fed. R. Civ. P. 5(d)(1)(A). As such, Plaintiff's responses to Defendants' discovery are stricken.

### IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion to Appoint Process Server (Doc. 36) is **DENIED without prejudice**.

(2) Plaintiff's Response to Defendants' Request for Admissions (Doc. 32) and Plaintiff's Response to Defendants' First Request for Production of Documents (Doc. 33) are **STRICKEN**. The Clerk is directed to remove Plaintiff's responses to Defendants' discovery (Docs. 32 & 33) from the docket.

**DONE** and **ORDERED** in Ocala, Florida on August 12, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties