UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PROGRESSIVE AMERICAN INSURANCE COMPANY,**

    **Plaintiff,**

v.                                            Case No: 5:24-cv-596-JSM-PRL

**GEORGE JAGER, RANDY CHRISTMAN, RANDAL DEFORGE, and BLUE RAY TRANSPORT, LLC,**

    **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Motion for Substitute Service by Publication on Defendant Randal Deforge. (Doc. 44). Plaintiff requests that it be permitted to serve Defendant Randal Deforge ("Deforge") by publication because, despite due diligence and repeated attempts to locate and serve Deforge, Plaintiff has been unable to serve Deforge. (*Id*. at pp. 1, 4). In support of the motion, Plaintiff details its efforts to locate Deforge, who appears to be evading service, and the failed service attempts made by its retained process server. (*Id*. at pp. 1-3). For the reasons explained below, Plaintiff's motion is due to be granted, and Plaintiff may effectuate service on Deforge by publication.

**I.   BACKGROUND**

On November 5, 2024, Plaintiff filed a Complaint for Declaratory Judgment against George Jager, Randy Christman, Randel Deforge, and Blue Ray Transport, LLC, seeking a judicial declaration from the Court as to Plaintiff's coverage obligations—specifically, its duty to defend and/or indemnify its insureds with respect to an underlying personal injury lawsuit

styled *Randy Christman v. George Jager, Randal DeForge, Blue Ray Transport, and Geico General Ins. Co.*, Case No. 23-CA-001917, filed in the Fifth Judicial Circuit, in and for Marion County, Florida. (Doc. 1). Plaintiff has effectuated service of process on Defendants Randy Christman, George Jager, and Blue Ray Transport, LLC to date. Defendants George Jager and Blue Ray Transport, LLC filed an answer to the complaint on May 30, 2025. (Doc. 24). A clerk's entry of default was entered against Defendant Randy Christman on September 11, 2025. (Doc. 43).

Plaintiff now files the instant motion, seeking to effectuate service of process by publication on Deforge, and requests an extension of time to effect service. (Doc. 44). Plaintiff asserts that service on Deforge by publication is appropriate under the circumstances because Plaintiff has been unable to serve Deforge at multiple addresses, despite diligent efforts and reasonable attempts to locate and serve Deforge. (*Id.* at pp. 1-4). Plaintiff attached the following documents to the motion: a sworn affidavit signed by its counsel, John J. Kozak, Esq. ("Kozak") (*id.* at pp. 5-7); a Verified Return of Non-Service and report, detailing the process servers' attempts to serve Deforge (*id.* at pp. 8-13); and a proposed Notice of Action (*id.* at p. 14).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 4 governs service of process. *See generally* Fed. R. Civ. P. 4. Rule 4(e) allows service upon an individual in accordance with state law, and provides, in pertinent part, that an individual within the United States may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e)(1).

In general, "Florida statutes governing service of process are strictly construed." *See Sunscreen Mist Holdings, LLC v. Snappyscreen, Inc.*, No. 2:17-cv-132-FTM-99MRM, 2017 WL 5952874, at *3 (M.D. Fla. Nov. 14, 2017), *report and recommendation adopted*, 2017 WL 5889729 (M.D. Fla. Nov. 29, 2017) (citations and internal quotation marks omitted). Florida law permits constructive service of process on an individual in certain circumstances, including service by publication when personal service cannot be accomplished. *See* Fla. Stat. §§ 49.011, 49.021. Section 49.011 delineates the types of actions in which a plaintiff may seek to serve a defendant by publication, and as relevant here, that list includes an action "[f]or the construction of any will, deed, contract, or other written instrument and for a judicial declaration or enforcement of any legal or equitable right, title, claim, lien, or interest thereunder." *See* Fla. Stat. § 49.011(5). A condition precedent to service by publication is for the plaintiff, or its agent or attorney, to file a statement, which may be contained in a verified pleading, affidavit, or other sworn statement, and in accordance with Fla. Stat. §§ 49.031 and 49.041. *See* Fla. Stat. §§ 49.031, 49.041.

Under Florida law, to serve an individual by publication, the verified pleading, affidavit, or sworn statement must provide the following:

(1) That diligent search and inquiry have been made to discover the name and residence of such person, and that the same is set forth in said sworn statement as particularly as is known to the affiant; and

(2) Whether such person is over or under the age of 18 years, if his or her age is known, or that the person's age is unknown; and

(3) In addition to the above, that the residence of such person is, either:

  (a) Unknown to the affiant; or

>   (b) In some state or country other than this state, stating said residence if known; or
>
>   (c) In the state, but that he or she has been absent from the state for more than 60 days next preceding the making of the sworn statement, or conceals himself or herself so that process cannot be personally served, and that affiant believes that there is no person in the state upon whom service of process would bind said absent or concealed defendant.

See Fla. Stat. § 49.041. "All notices of action . . . shall be published once during each week for 4 consecutive weeks (four publications being sufficient) in some newspaper published in the county where the court is located." Fla. Stat. § 49.10(1)(a).

Moreover, "[w]hen a plaintiff seeks service of process by publication, due process demands that an honest and conscientious effort, reasonably appropriate to the circumstances, be made to acquire the information necessary to fully comply with the controlling statutes." See Evanston Ins. Co. v. 88 Spa LLC, No. 8:19-cv-2543-T-23AEP, 2020 WL 5822067, at *2 (M.D. Fla. Apr. 13, 2020) (quoting Miller v. Partin, 31 So. 3d 224, 228 (Fla. 5th DCA 2010)). "In considering whether a plaintiff conducted a diligent search and inquiry, courts must therefore determine 'whether the plaintiff reasonably employed the knowledge at his or her command, made diligent inquiry, and exerted an honest and conscientious effort appropriate to the surrounding circumstances to acquire the information necessary to enable the plaintiff to effect personal service on the defendant." Id. (quoting Miller, 31 So. 3d at 228).

Given the due process concerns attendant to substitute service, strict compliance with the statutory provisions for substituted service is required. See Great Am. Assurance Co. v.

*Walters*, No. 3:15-CV-1008-J-39JBT, 2016 WL 9526443, at *2 (M.D. Fla. Apr. 14, 2016) ("Because the statute allowing substituted service is an exception to the general rule requiring a defendant to be personally served, there must be strict compliance with the statutory requirements so as to protect due process guarantees.") (quoting *Hernandez v. State Farm Mut. Auto Ins. Co.*, 32 So. 3d 695, 698 (Fla. Dist. Ct. App. 2010)). As "[t]he courts have consistently observed that statutes relating to substituted service of process (in lieu of personal service of process) must be strictly construed[,] . . . the burden of proof to sustain the validity of substituted service of process rests upon the person seeking to invoke the provisions of such statutes." *See Hughes v. American Tripoli, Inc.*, No. 2:04-CV-485-FTM-29DNF, 2007 WL 2071529, at *2 (M.D. Fla. July 17, 2007) (quoting *Elmex Corp. v. Atlantic Fed. Sav. & Loan Ass'n of Ft. Lauderdale*, 325 So. 2d 58, 61 (Fla. 4th DCA 1976)).

### III.  DISCUSSION

Upon review, the Court finds that Plaintiff has complied with applicable Florida law governing service by publication and has made an adequate showing that it conducted a diligent search and inquiry in its efforts to serve Deforge. This action falls within the parameters of Fla. Stat. § 49.011 because it is an action for declaratory relief. (*See* Doc. 1). Kozak's affidavit sufficiently demonstrates that Plaintiff made a diligent search and inquiry to serve Deforge—who, upon information and belief, is over the age of 18—by retaining a process server to locate and serve him at multiple addresses. (*See* Doc. 44 at pp. 5-6).

In his affidavit, Kozak details that Plaintiff conducted a skip trace to discover Deforge's whereabouts, and the search revealed his last known addresses to be located at 158 Mandrake Street, Middleburg, Florida 32068, and 7833 Lake Geneva Lane, Keystone Heights, Florida 32656. (*See id.*). The process server attempted to personally serve Deforge at

the Middleburg address first. (*See id*. at pp. 6, 8). After the first failed service attempt at the Middleburg address, a "no trespassing" sign was placed on the driveway. (*See id*.). The process server attempted service at the Middleburg address four more times thereafter, but no one answered the door, even after the process server blew her car horn. (*See id*.). The process server then attempted to personally serve Deforge at the Keystone Heights address on at least six different occasions, but again, no one answered the door, even after blowing the car horn. (*See id*. at pp. 6, 11-12). Despite Plaintiff's efforts, the process server was unable to effect service of process on Deforge. Given its inability to locate and serve Deforge, Plaintiff believes that Deforge is evading service or that he does not reside at any of the known addresses identified by Plaintiff. (*See id*. at p. 6).

Based on Kozak's affidavit and other relevant documents provided in support of the motion, which comply with the requirements of the applicable Florida law governing service by publication, Plaintiff has demonstrated that service on Deforge by publication is warranted. *See Burlington Ins. Co. v. Indus. Steel Fabricators, IN.*, No. 3:08-cv-586-J-25MCR, 2009 WL 10697072, at *1 (M.D. Fla. Feb. 2, 2009) (allowing substitute service by publication due to defendant's evasion of service); *Auto-Owners Ins. Co. v. Emerald Star Casino & Resorts, Inc.*, No. 8:09-cv-1129-T-24MAP, 2010 WL 118210, at *1 (M.D. Fla. Jan. 8, 2010) (permitting substitute service by publication due to defendants attempting to conceal their whereabouts to avoid actual service).

Finally, and relatedly, due to the indication that Deforge is evading service, Plaintiff has shown good cause to extend the time to effectuate service on Deforge. *See Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007); *Zachery v. Thigpen*, 895 F. Supp. 1472, 1474 (M.D. Ala. 1995) (noting that "courts have found that factors outside a plaintiff's

control, such as . . . evasion of service of process" satisfy the good cause requirement under Rule 4(m)) (citations omitted); *see also* Fed. R. Civ. P. 4(m) (stating that "[i]f a defendant is not served within 90 days after the complaint is filed, . . . [and] if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period"). The Court deems 60 days to be adequate to effect service by publication.

### IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion for Substitute Service by Publication on Defendant Randal Deforge (Doc. 44) is **GRANTED**.

(2) Plaintiff shall effectuate service of process by publication on Defendant Randal Deforge, in accordance with the requirements of the applicable Florida law, on or before **December 22, 2025**.

(3) The Clerk of Court is directed to issue a Notice of Action for Randal Deforge and mail a copy of the respective Notice of Action to Randal Deforge at 158 Mandrake Street, Middleburg, Florida 32068.

(4) The Notice of Action may be published in The Ocala StarBanner.

**DONE** and **ORDERED** in Ocala, Florida on October 23, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties